NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2722
_____

SONIA ARACELY MORALES-SICAN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1: A098 113 572)
Immigration Judge: Esmeralda Cabrera
_____

Submitted on March 3, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*.

(Filed: March 26, 2020)

_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Sonia Aracely Morales-Sican petitions for review of a decision of the Board of Immigration Appeals denying her motion to reopen. A citizen of Guatemala, Morales-Sican entered the United States without admission or inspection in 2004. That year, the Department of Homeland Security charged her as removable and issued her a notice to appear. She failed to appear, and the immigration judge (IJ) entered a removal order *in absentia* on February 24, 2005.

In 2014, Morales-Sican moved to reopen, claiming she did not provide the address to which the government sent the notice to appear. The IJ denied her motion. After the IJ denied reconsideration in pertinent part, the BIA affirmed. Morales-Sican filed a second motion to reopen in August 2018 seeking asylum based on changed country conditions in Guatemala. Finding that Morales-Sican failed to show changed country conditions, the BIA denied her petition as time- and number-barred. Morales-Sican petitions this Court for review and we have jurisdiction under 8 U.S.C. § 1252.

We review the denial of a motion to reopen for abuse of discretion. *See, e.g.*, *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). Generally, an alien may file one motion to reopen, and must do so "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (C)(i). If an alien seeks rescission of a removal order entered *in absentia* and can show "exceptional circumstances," the time bar is

2

extended to 180 days. *Id.* § 1229a(b)(5)(C)(i). But these filing limitations do not apply when the alien applies for asylum based on changed country conditions. *See id.* § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The IJ entered the final order of removal in Morales-Sican's case on February 24, 2005. She previously moved to reopen in 2014. So her 2018 motion to reopen is time- and number-barred, unless she can show the BIA abused its discretion in concluding she failed to show changed country conditions. On appeal, Morales-Sican's attorney does not address this issue. He instead declares that "this matter should be remanded to the BIA for further consideration of" the Attorney General's decision in *In re L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019), a case that has nothing to do with changed country conditions. Opening Br. 10. Because Morales-Sican has forfeited any challenge to the BIA's conclusion that she failed to show changed country conditions, *see, e.g.*, *Khan v. Att'y Gen.*, 691 F.3d 488, 495 n.4 (3d Cir. 2012), and because her attorney has not presented any other basis on which to find an abuse of discretion, we must deny her petition for review.